**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**At Chattanooga**

UNITED STATES OF AMERICA,

      Plaintiff,

                                      No. 1:23-Cr-031-CLC-SKL

      v.

SPENCER MCPHERSON,

      Defendant.

## MOTION TO DISMISS INDICTMENT

Defendant Spencer McPherson, through undersigned counsel, moves to dismiss the Indictment against the defendant, pursuant to Fed.R.Cr.P. 12(b)(3)(B)(v) because the statute relied upon in the Indictment, 18 U.S.C. § 922(g)(1), is unconstitutional as applied to McPherson.

## I. FACTS

On June 28, 2022, McPherson's vehicle was stopped by Chattanooga Police Department officers for a tint violation. Once stopped, McPherson exited his vehicle and was asked to stand at the front of the officer's police vehicle. McPherson complied with all requests, including presentation of his driver's license. The vehicle registration was in the glove box, and he gave officers permission to retrieve it. While doing so, officers claimed they could smell the odor of marijuana. Upon advising McPherson of the odor, officers informed him they would conduct a probable cause search of the vehicle.

McPherson did not consent to the search his vehicle. Officers then searched his vehicle, locating three firearms. At the time of this incident, McPherson had three prior convictions for aggravated assault. Two of these violations were committed in August 2013 and the third was

committed in May 2014.   McPherson also had two felony convictions for possession of cocaine and possession of marijuana.   These crimes were committed in March 2016.

## II.  ARGUMENT

### A. Firearm Regulation is Unconstitutional When It Is Inconsistent with This Country's Historical Tradition.

"[T]he Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *New York State Rifle & Pistol Association, Inc. v Bruen*, 142 S.Ct. 2111, 2122 (2022). "[W]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Id.* at 2126. Moreover, "[c]onstitutional rights are enshrined with the scope they were understood to have when the people adopted them, whether or not future legislatures . . . think that scope too broad." *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008).

To be constitutional, "[t]he government must demonstrate that the [Second Amendment] regulation is consistent with this Nation's historical tradition of firearm regulation." *Bruen*, 142 S.Ct. at 2126. That the regulation "promotes an important interest" is insufficient to survive constitutional scrutiny. *Id.* Rather, "[o]nly if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.'" *Id.* (quoting *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50, n.10 (1961)).

Specifically, *Bruen*'s historical tradition test requires the government to "identify a well-established and representative historical *analogue*." *Bruen*, 142 S.Ct. at 2133 (no emphasis added). In other words, *Bruen* requires this Court to assess whether the government has demonstrated through relevant historical analogues to prove that § 922(g)(1) as applied to McPherson is constitutional. ***It is the government's burden to show that its prosecution of***

*McPherson for violating § 922(g)(1) is consistent with this nation's historical tradition of firearm regulation*. It is not.

**B. The Fact that McPherson is a Convicted Felon does not Remove his Protection Under the Second Amendment.**

On June 6, 2023, in *Range v. United States*, 69 F.4th 96, 98 (3rd Cir. 2023), the Third Circuit held that the defendant, who was previously convicted of making a false statement to obtain food stamps, "remain[ed] among 'the people' protected by the Second Amendment." More specifically, the Third Circuit found that "the Government did not carry its burden of showing that our Nation's history and tradition of firearm regulation" supported disarming the defendant." *Id.* Therefore, the government could not "constitutionally strip [the defendant] of his Second Amendment rights" via 18 U.S.C. § 922(g)(1). *Id.* at 106.

In holding that the government failed to carry its burden, the Third Circuit rejected many of the same arguments McPherson anticipates from the Government in response to his motion to dismiss. Specifically, the Government has attempted to rely upon dicta in *Bruen* to argue that the Second Amendment protections are limited to "law-abiding citizens."

Aside from pointing out that the Government's argument relied upon dicta, the Third Circuit explained that "the phrase 'law-abiding, responsible citizens' is as expansive as it is vague." *Range*, 69 F.4th at 102. The Third Circuit articulated a practical concern with the government's position, saying that "[a]t root, the Government's claim that only 'law-abiding, responsible citizens' are protected by the Second Amendment devolves authority to legislators to decide whom to exclude from 'the people.'" This is untenable because Congress does not have the power to limit, expand, or otherwise define a right enshrined in the Constitution. *See District of Columbia v. Heller*, 554 U.S. 570, 636 (2008) (reasoning that "the enshrinement of constitutional rights necessarily takes certain policy choices off the table.").

The Third Circuit aptly asks if the term law-abiding "excludes those who have committed summary offenses or petty misdemeanors, which typically result in a ticket and a small fine?" *Range*, 69 F.4th at 102. The answer should be "[n]o," as surely the dicta upon which the government relies "do not mean that every American who gets a traffic ticket is no longer among 'the people' protected by the Second Amendment." *Id.* But, under the government's argument, they have no Second Amendment right to possess a firearm because they are not law-abiding.

The Third Circuit further opined that "today, felonies include a wide swath of crimes, some of which seem minor." *Id.* Indeed, many state criminal codes contain offenses with penalties that would shock both legal practitioners and the average citizen, and the *Range* court points out a few for good measure. For example, in Pennsylvania, a third offense of library theft is a third-degree felony. 18 Pa. Cons. Stat. § 3929.1. In Michigan, returning out-of-state bottles or cans can be punishable by up to five *years* in prison. Mich. Comp. Laws § 445.574a(2)(d). Also, the United States Code criminalizes "utter[ing] any obscene, indecent, or profane language by means of radio communication" and provides for imprisonment of up to two years for doing so. 18 U.S.C. § 1464. Offenders of such minor laws would be shocked to learn that they are no longer part of "the people" and that they have fewer constitutional protections as a result. But this is precisely the argument McPherson anticipates from the Government.

### C. *United States v. Bullock* Heavily Suggests that the Government Must Produce a Historical Record to Show a Historical Analogue.

Like in *Range*, the District Court in *United States v. Bullock*, 3:13-cr-165, 2023 WL 4232309 (S.D. Miss. June 28, 2023) dismissed a prosecution under § 922(g)(1) because the government failed to meet the standard established in *Bruen*. In *Bullock*, the Court showed concern when the government failed to consult an expert historian to verify a historical

analogue to its prosecution. *Id.* at 4. The district court emphasized that "[j]udges are not historians" and "do not have historians on staff." *Id.* Although the government submitted briefing that cited to "more than 120 federal court decisions" rejecting motions to dismiss based on *Bruen*, the district court pointed out that neither the government nor the courts "had appointed an expert to help them sift through the historical record." *Id.* The district court said that "[t]he most disappointing failure is that the party with the burden to prove history and tradition—the United States—did not designate a historian to testify on the analogues, if any, to modern felon-in-possession laws." *Id.* at 15. Unless the Government comes forward with proof in this case to demonstrate that McPherson would have historically been deprived of his Second Amendment rights due to his prior convictions, and/or for the duration of time since his prior convictions, then this Court should grant this motion to dismiss.

V.      CONCLUSIONS

Because McPherson enjoys a right to Second Amendment protections and has a right to bear arms to protect himself, his prosecution under 18 U.S.C. § 922(g) is unconstitutional as applied.

Respectfully submitted,

FEDERAL DEFENDER SERVICES
 OF EASTERN TENNESSEE, INC.

By:    /s/ *Myrlene R. Marsa*
        Myrlene R. Marsa
Assistant Federal Defender
605 Chestnut St., Ste. 1310
Chattanooga, Tennessee 37405
Myrlene_Marsa@fd.org
(423) 756-4349
TN Bar # 16798