# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **1:23-cr-31** |
| v. | ) | |
| | ) | **Judge Collier** |
| SPENCER MCPHERSON | ) | **Magistrate Judge Dumitru** |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, Spencer McPherson, and the defendant's attorney, Martin Lester, have agreed upon the following:

1) The defendant will plead guilty to the following count(s) in the indictment:

    a) Count 1: felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1) (Non-ACCA).

The punishment for this offense is as follows: a term of imprisonment not more than 15 years; a term of supervised release not more than 3 years; a fine not more than $250,000; forfeiture; restitution; and a $100 special assessment.

2) There are no remaining counts against the defendant.

3) The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crime(s) charged. The defendant is pleading guilty because the defendant is in fact guilty. In order to be guilty, the defendant agrees that each of the following elements of the crime(s) must be proved beyond a reasonable doubt:

    a) The defendant was a convicted of a crime punishable by imprisonment for a term exceeding one year;

    b) The defendant, following his conviction, knowingly possessed a firearm;

Page 1 of 9

c)    At the time the defendant possessed the firearm, the defendant knew he had been convicted of a crime punishable by imprisonment for more than one year.

d)    The firearm traveled in or affected interstate commerce.

4)    In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

a)    On June 28, 2022, Chattanooga Police Officers conducted a traffic stop on a white Volkswagen SUV on East 13th Street in Chattanooga, Tennessee. The defendant was the driver and sole occupant of the vehicle. The defendant exited the vehicle, and an officer directed him to the front of his patrol vehicle.

b)    The defendant provided the officer his driver's license and consented to the officer retrieving the vehicle registration from the glove box. While retrieving the registration the officer smelled marijuana. The defendant told officers he had recently smoked marijuana in the vehicle and that there was a "roach" in the vehicle.

c)    Officers conducted a probable cause search of the vehicle and located three firearms:

i)    a Taurus, Model G2C, 9-millimeter pistol in the center console;

ii)    a Glock, Model 45, 9-millimeter pistol in the rear floorboard underneath the driver's seat; and

iii)    a Smith & Wesson, Model SW9VE, 9-milliter pistol in the rear floorboard underneath the driver's seat.

d)      On July 5, 2022, an ATF Special Agent interviewed the defendant. The defendant knowingly and voluntarily waived his *Miranda* rights. The defendant claimed ownership of the Taurus G2C 9-millimter pistol located in the center console of the vehicle on June 28, 2022. The defendant denied any knowledge of the other two firearms. The defendant admitted he was a convicted felon and knew he was prohibited from possessing firearms.

e)      The defendant admits he knowingly possessed a firearm on June 28, 2022, in the Eastern District of Tennessee.

f)      The defendant admits that prior to possessing the firearm, the defendant was a convicted felon, that is that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, having sustained at least the following felony conviction(s): aggravated assault, domestic aggravated assault, and possession of marijuana for resale.

g)      The defendant admits that he knew he was a convicted felon—that is that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year—at the time he possessed the firearm.

h)      If this case proceeded to trial, an ATF expert would testify that the firearms seized from the defendant's vehicle are firearms as defined by United States Code, and were manufactured outside the State of Tennessee, and therefore, at some point, did travel in and affect interstate commerce.

5)      The defendant is pleading guilty because the defendant admits he is in fact guilty. The defendant understands that by pleading guilty the defendant is giving up several rights, including:

a)      the right to plead not guilty;

b)      the right to a speedy and public trial by jury;

c)      the right to assistance of counsel at trial;

d)      the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

e)      the right to confront and cross-examine witnesses against the defendant;

f)      the right to testify on one's own behalf, to present evidence in opposition to the charges and to compel the attendance of witnesses; and

g)      the right not to testify and to have that choice not used against the defendant.

6)      The parties agree that the appropriate disposition of this case would be the following as to each count:

a)      The Court may impose any lawful term(s) of imprisonment, any lawful fine(s), and any lawful term(s) of supervised release up to the statutory maximum(s);

b)      The Court will impose special assessment fees as required by law; and

c)      The Court may order forfeiture as applicable and restitution as appropriate. No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s). The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the

defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

7)      Pursuant to *Federal Rule of Criminal Procedure* 11(c)(1)(B), the parties recommend that any term of imprisonment be served concurrently with any sentence of imprisonment imposed in, or resulting from the charges encompassed by, Hamilton County General Sessions Court Case Nos. 1879357-63.[1] This recommendation is not binding on the Court and the defendant may not withdraw his/her guilty plea(s) if the Court rejects the parties' recommendation(s).

8)      Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

9)      The defendant agrees to pay the special assessment in this case prior to sentencing.

---

[1] This recommendation **does not** include any sentence of imprisonment imposed in, or resulting from the charges encompassed by, Hamilton County, Tennessee General Sessions Court Case Nos. 1879451 (Aggravated Assault) or 1879452 (Aggravated Assault).

10)    Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

a)    If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

b)    The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

c)      If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

11)     The defendant voluntarily, knowingly, and intentionally agrees to the following: the defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

12)     The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of the defendant's conviction on immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences the plea may entail, even if the consequence is automatic removal from the United States.

13)     This agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court

order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

14) The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. If additional terms are included in the Supplement, they are hereby fully incorporated herein.

15) This plea agreement constitutes the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

{SIGNATURES ON FOLLOWING PAGE}

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

7/18/25
Date

By: _____

Kevin T. Brown
Assistant United States Attorney

7/18/2025
Date

Spencer McPherson
Defendant

7/18/2025
Date

Martin Lester
Defendant's Attorney