| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| | ) |
| v. | )     1:23-cr-031-CLC-MJD-1 |
| | ) |
| SPENCER MCPHERSON, | ) |
|     Defendant. | ) |

## DEFENDANT'S SENTENCING MEMORANDUM

The Defendant, Spencer McPherson, by and through his undersigned counsel, hereby files the following Sentencing Memorandum

1. Mr. McPherson adopts his Motion for Downward Variance [Doc. 78] as if set forth verbatim herein, as the facts and argument included in that motion and the exhibits attached thereto are relevant to the Court's determination of his ultimate sentence under 18 U.S.C. § 3553.

2. Mr. McPherson respectfully submits that, after the Court has determined any applicable downward departure and/or variance, a sentence at the low end of the resulting sentencing guidelines range is "sufficient, but not greater than necessary," to comply with the purposes of 18 U.S.C. § 3553(2), taking into account the nature and circumstances of the offense and Mr. McPherson's history and characteristics.

3. Mr. McPherson respectfully requests that the Court include the following in its sentencing order:

   a. Pursuant to USSG § 5G1.3(c), an order that Mr. McPherson's sentence run concurrently with any sentence imposed by the State of Tennessee for the events charged in Hamilton County General Sessions Court Case Numbers 1879357-63

1

(PSR ¶ 67) and Hamilton County General Sessions Court Case Numbers 1879451-52 (PSR ¶ 68). For each set of charges, the PSR notes that "[t]he circumstances for this arrest comprise the details of the instant federal offense." Mr. McPherson was transferred to this Court via writ from state custody, and will be returned to state custody after his Federal sentencing to address those charges. He will also serve any state sentence imposed for those charges before commencing his Federal imprisonment. Concurrent sentencing is therefore appropriate. *See* USSG § 5G1.3, Application Note 3.[1]

b. A recommendation to the Bureau of Prisons that he be permitted to participate in RDAP.

c. A recommendation to the Bureau of Prisons that he be permitted to participate in UNICOR or other appropriate vocational training.

d. A recommendation to the Bureau of Prisons that he be placed in a BOP facility as close as possible to Chattanooga to facilitate ongoing contact with his family and support system.

---

[1] In Mr. McPherson's plea agreement [Doc. 63, ¶ 7], the Government and Mr. McPherson agreed to a non-binding recommendation under Rule 11(c)(1)(B) for Mr. McPherson's Federal sentence to run concurrently with any state sentence in Hamilton County General Sessions Court Case Numbers 1879357-63. The plea agreement specifically notes, however that this joint recommendation does not include Hamilton County General Sessions Court Case Numbers 1879451 or 1879452, which allege that Mr. McPherson committed aggravated assault against the two law enforcement officers who initially attempted to detain him. Nevertheless, based on USSG § 5G1.3, Mr. McPherson maintains that concurrent sentencing for all his relevant conduct is appropriate.

Respectfully submitted,
SPENCER MCPHERSON
By counsel:

/s/ Martin W. Lester
Martin W. Lester, Esq.
TBN 31603
LESTER LAW
P.O. Box 968
Hixson, TN  37343
(423) 402-0608
martin@lesterlaw.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of November, 2025, a true and correct copy of the foregoing Defendant's Sentencing Memorandum was served via CM/ECF and/or e-mail on Kevin Brown, Assistant United States Attorney for the Eastern District of Tennessee.

/s/ Martin W. Lester

3