| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **No. 1:23-cr-31** |
| **v.** | ) | |
| | ) | **Judge Collier** |
| **SPENCER MCPHERSON** | ) | |
| | ) | |

### RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR VARIANCE

The defendant pleaded guilty to possessing a firearm as a convicted felon and his case is now before the Court for sentencing. The Presentence Investigation Report ("PSR") assesses an advisory guideline range of 110 to 137 months' imprisonment.[1] (Doc. 73, PSR at ¶ 98.) The defendant moves the Court to vary downward from that range. (Doc. 78, Defendant' Motion.) The United States avers that the § 3553 factors favor a guideline sentence, and the Court should deny his motion.

18 U.S.C. § 3553(a) requires consideration of the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). It also requires consideration of the "the need for the sentence imposed—to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment," as well as the need to "afford adequate deterrence to criminal conduct," the need to "protect the public from further crimes of the defendant," and the need "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(A)-(D). In light of the factors in section 3553, the United States submits that the Court should impose a sentence

---

[1] The defendant lodged an objection to the PSR, and the Government has responded. (*See* Docs. 75, 80, 84.)

that satisfies these factors. The United States further submits that a sentence within the advisory guideline range of 110-to-137-month imprisonment.

## I.      Nature and Circumstances of the Offense

Here, following a traffic stop, McPherson "physically resisted and fought" officers as they tried to detain him. (Doc. 73, PSR at ¶ 21.) During the nearly three-minute fight, an officer drew his TASER and McPherson "gripped the officer's wrist" and attempted to "grab the taser from his hand." (*Id*. at ¶¶ 22-23.) McPherson attempted to wrap his arm around a second officer's neck. (*Id.* at ¶¶ 23, 25.) Eventually, McPherson made it back to his vehicle, and he successfully opened the passenger side door. McPherson continued to struggle with the officers, in an attempt to enter the vehicle. (*Id.*) During a subsequent search of the vehicle, officers located a Taurus, 9-millimeter pistol in the center console, which the defendant pleaded guilty to possessing. (Id. at ¶¶ 15-17.) Officers located two additional firearms in the rear-seat-floorboard. (*Id.* at ¶ 15.) The defendant denies any knowledge of those two firearms. (*Id.* at ¶ 16.) McPherson's unlawful possession of the pistol combined with his violent encounter with officers justify a guideline sentence.

## II.      History and Characteristics of the Defendant

McPherson is a 32-year-old man with five felony convictions. (*Id.* at ¶¶ 52-53, 58, 63.) Three of his felony convictions are for aggravated assault, a crime of violence. (*Id.* at ¶¶ 52-53, 58.) In 2012, he pointed a revolver at his child's mother and threatened to kill her. (*Id.* at ¶ 52.) Four days later, he attempted to run his child's grandmother off the road with his vehicle. (*Id.* at ¶ 53.) Then, in 2014, he pointed black firearm at his child's grandmother and told her he would kill her. (*Id.* at 58.) In 2016, he possessed a firearm as a felon and possessed marijuana with the intent to distribute. (*Id.* at ¶ 63.) McPherson has misdemeanor convictions for domestic assault and

resisting arrest; in 2012, he punched his child's mother in the face and then fled from police upon their arrival. (*Id.* at ¶ 54.) Later when she was at Erlanger to have facial surgery, McPherson was present at the hospital, and when officers attempted to arrest him on outstanding warrants for the assault, he resisted arrest and fled, kicking an officer in the face in the process. (*Id. at* ¶ 55.) McPherson has additional convictions for vandalism and harassment against the same female victim. (*Id.* at ¶¶ 60-61.) McPherson completed the 10th grade and has yet to obtain his GED. (*Id.* at ¶ 93.) Additionally, McPherson has no verified employment since 2012. (*Id.* at ¶¶ 94-95.)

### III.     Seriousness of the offense

This was a serious offense. The Sixth Circuit has recognized that being a felon in possession of a firearm is a serious offense. The defendant's violent confrontation with police only increases that seriousness.

### IV.     Promote respect for the law, Provide Just Punishment, Afford Adequate Deterrence, and Protection of the Public.

The Court should impose a sentence to promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. The defendant has a history of violence. He has twice threated to kill with a firearm, committed domestic assault, and assaulted and resisted police. Here, he resorted to violence to avoid the consequences of his unlawful possession of the firearm. A guideline sentence is needed to promote respect for the law (and law enforcement), punish the defendant for his conduct, afford deterrence, and protect the public from McPherson's violent, non-complaint conduct.

### V.     Need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment

The defendant would benefit from obtaining his GED, vocational training, substance abuse treatment, and mental health treatment.

## **CONCLUSION**

For the foregoing reasons, the Court should deny the defendant's motion and sentence the defendant within the advisory guideline range of 110-137 months imprisonment.

Respectfully submitted,

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

By:   *s/Kevin T. Brown*
Kevin T. Brown
Assistant United States Attorney
TN Bar. No. 034166
1110 Market Street, Suite 515
Chattanooga, TN 37402
423-752-5140
kevin.brown@usdoj.gov