## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | )  1:23-cr-031-CLC-MJD-1 |
| | ) |
| SPENCER MCPHERSON, | ) |
|     Defendant. | ) |

## DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE
## TO DEFENDANT'S OBJECTION TO THE PSR

### Introduction

The Defendant has objected to the PSR's assessment of a 4-level increase to his base

offense level pursuant to USSG §2K2.1(b)(7)(B). [Doc. 75] The Government has filed a

Response [Doc. 84], arguing that the 4-level increase is appropriate because the Defendant

possessed the firearm as part of an attempted aggravated assault on a law enforcement officer.

Because the Government's reading of USSG §2K2.1(b)(7)(B) is foreclosed by Sixth Circuit

precedent, the Court should grant the Defendant's objection.

### Argument

In *United States v. Sanders*, 162 F.3d 396 (1998), the Sixth Circuit addressed the question

of when a 4-point enhancement under USSG §2K2.1(b)(7)(B) is appropriate. In reversing the

application of the enhancement, the *Sanders* court noted that

> [a] logical reading of the § 2K2.1(b)(5) [1] Guideline term "another felony offense"
> would at least require, as a condition precedent to the application of a major four
> level guideline enhancement, a finding of a separation of time between the offense
> of conviction and the other felony offense, or a distinction of conduct between that

---

[1] Although the numbering of subsection USSG §2K2.1(b)(7)(B) has changed since *Sanders* was decided, the substance of the subsection has not. For clarity, the subsection at issue is referred to throughout this Reply as USSG §2K2.1(b)(7)(B).

1

occurring in the offense of conviction and the other felony offense. Otherwise, the word "another" is superfluous, and of no significance to the application of that provision. In the instant case, there was no separation of time, or distinction in conduct between the instant offense and the state burglary offense.

*Sanders*, 162 F.3d at 400 (footnote omitted). The *Sanders* court rejected the premise that there could be "two rational readings" of USSG §2K2.1(b)(7)(B), but noted that even if there were, it would be constrained under the rule of lenity to "choose the less harsh reading." *Id*. at 402.

The *Sanders* test remains the appropriate gauge of USSG §2K2.1(b)(7)(B)'s application. In *United States v. Kilgore*, 749 F.3d 463 (6th Cir. 2014), a case arising out of the Eastern District of Tennessee, the Sixth Circuit again reversed a 4-level enhancement. In *Kilgore*, the defendant stole two firearms, and the sentencing court found that the theft constituted a separate felony offense during which he possessed the firearms. The Sixth Circuit disagreed, stating that

[t]he defendant argues that the four-level enhancement was incorrectly applied because the law requires that the "another felony offense" language from the guideline means that the offense triggering application of the enhancement must be separate and distinct conduct from the underlying offense. We agree. The "another felony offense" language that triggered application of the four-level enhancement was the theft of the pistols that converted Kilgore into a felon-in-possession with a two-level enhancement for theft. There is no "another felony offense" on which to base another enhancement on top of the two-level enhancement. Raising the punishment substantially with an additional four-level enhancement violates the language of the guideline itself, engages in double counting and appears to subject Kilgore twice to punishment for the same offense.

*Kilgore*, 749 F.3d at 464-65 (footnote omitted). The *Kilgore* court explicitly reaffirmed the *Sanders* test, noting that

[a]lthough the Application Notes to this guideline have been altered over time, this Circuit has not altered the *Sanders* interpretation of the "another felony offense" enhancement. *See United States v. Stafford,* 721 F.3d 380, 400 (6th Cir.2013) (shooting into a crowd to complete "another felony offense"); *United States v. Clay,* 320 Fed.Appx. 384, 391 (6th Cir.2009); *United States v. Hyler,* 308 Fed.Appx. at 962, 966 (6th Cir.2009).

*Kilgore*, 749 F.3d at 464 (footnote omitted). The *Kilgore* court confirmed that the Sixth Circuit limits the USSG §2K2.1(b)(7)(B) Application Notes to their specific enumerated offenses.

*Kilgore*, 749 F.3d at 464 n.7 (recognizing the 2006 amendment to the USSG §2K2.1(b)(7)(B) Application Note directed the application of the guideline to a situation where a defendant steals a firearm during the course of a burglary – the same fact pattern in *Sanders* – but finding that "because Kilgore did not commit a burglary, the *Sanders* interpretation of the enhancement still applies.")

The Government's theory supporting the 4-level enhancement fails the *Sanders* test. Under the Government's argument, Mr. McPherson's alleged misdemeanor assault on the law enforcement officers was elevated to a felony aggravated assault because it "involve[d] the use or display of a deadly weapon." Government Response [Doc. 84] at 4 (citations omitted). Mr. McPherson did not have a firearm on his person at the time of his altercation with the officers, and the officers did not know that there was a firearm in Mr. McPherson's vehicle. The Government therefore argues that Mr. McPherson's actions in attempting to return to his vehicle constituted an *attempted* aggravated assault – that he was attempting to obtain the firearm from the vehicle, and that if he had, he would have used or displayed the firearm and thereby caused the law enforcement officers to reasonably fear an imminent bodily injury. Government Response [Doc 84] at 4-5. Under the Government's theory, however, there is neither a "separation of time" nor a "distinction of conduct" between Mr. McPherson's alleged attempted assault on a law enforcement officer and his offense of conviction. To the contrary, in order to demonstrate "another felony offense" (the attempted aggravated assault), the Government's theory relies explicitly on the attempted aggravated assault and the possession of the firearm occurring contemporaneously, and likewise relies explicitly on the possession of the firearm as a necessary element of the attempted aggravated assault. Under *Sanders*, therefore, the alleged attempted aggravated assault does not constitute "another felony offense" for purposes of

3

applying a 4-point enhancement under USSG §2K2.1(b)(7)(B).  The Government's argument therefore fails.

## Conclusion

Based on the facts of this case and the applicable Sixth Circuit law, this Court should sustain Mr. McPherson's objection to the proposed 4-level enhancement under USSG §2K2.1(b)(7)(B).

<div style="margin-left:50%">

Respectfully submitted,

**/s/ Martin W. Lester**
Martin W. Lester
BPR # 31603
LESTER LAW
P.O. Box 968
Hixson, TN  37343
(423) 402-0608
martin@lesterlaw.org
Attorney for Defendant

</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing to be served on Assistant United States Attorney Kevin T. Brown via CM/ECF and/or e-mail this 16th day of January, 2026.

<div style="margin-left:50%">

**/s/ Martin W. Lester**
Martin W. Lester

</div>

4